UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KENTRELL REESE

No. 26-CR-141

Judge Thomas M. Durkin

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.     **The Sensitive Materials:** Certain materials, marked as "SENSITIVE" provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the **Sensitive Materials**") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. These sensitive materials contain the personal identifying information of third parties, information that discloses the identities of third parties and victims, and materials received from third parties pursuant to a court order requiring that the materials only be disseminated pursuant to a protective order. These materials shall be plainly marked as SENSITIVE by the government prior to disclosure.

2.      **Limits on Disclosure:** Defendant's counsel shall not disclose the **Sensitive Materials** or their contents directly or indirectly to any person or entity other than (a) defendant, (b) persons employed or consulted to assist in the defense, (c) persons who are interviewed as potential witnesses and counsel for potential witnesses, and (d) other persons to whom the Court may authorize disclosure (hereinafter, individuals other than defendant referred to, collectively, as "authorized persons"). Defendant's counsel shall not copy or reproduce the **Sensitive Materials** except in order to provide copies of the materials for use in connection with this case, within the limits of this Protective Order. Such copies and reproductions shall be treated in the same manner as the original **Sensitive Materials**.  Potential witnesses and their counsel may be shown copies of the **Sensitive Materials** as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3.      **Defense Counsel's Responsibility to Advise Persons of this Order:** Before the Sensitive Materials or their contents are provided directly or indirectly to defendant or an authorized person, defense counsel must advise the defendant or authorized person of this Order and provide that person with a copy of this Order.

4.      **Records Regarding Individuals To Whom the Sensitive Materials – or the Contents of the Sensitive Materials – Are Disclosed:** Defense counsel shall maintain a record of (1) any person to whom the sensitive

2

materials – or their contents – were disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order, provided a copy of this protective order, and have signed at the bottom of the copy of the protective order to document that the individuals have been advised of the protective order. Defense counsel will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request.

5. **Limits Regarding Items Designated as Attorney's Eyes Only.** In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials received pursuant to a protective order issued on March 6, 2026 by the Circuit Court of Cook County, attached hereto as Exhibit A (the "Cook County Order"), shall be designated as **"Attorneys' Eyes Only."** Such materials may not be shown to the defendant, potential witnesses, or their counsel in any format, nor may counsel inform defendant, potential witnesses, or their counsel of the contents of materials designated **Attorneys' Eyes only**. Materials designated **Attorneys' Eyes only** in accordance with the Cook County Order shall be disposed of as directed in the Cook County Order and may not be retained in defense counsel's case file. The Cook County Order is incorporated herein by reference.

6. **Limits on Filing Sensitive Materials:** Absent prior permission from the Court, copies, in whole or in part, of information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under

seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.)

7. **Limits on Publicly Identifying Certain Third Parties Identified in the Sensitive Materials:** The **Sensitive Materials** will identify victims, witnesses, and individuals who provided information to law enforcement. The names (full, partial, or initials) of such individuals, other than law enforcement officers, shall not be included in any public filing with the Court, and instead shall be submitted under seal.

8. **Copies to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

9. **Notes to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original sensitive materials.

10. **Disposal of the Sensitive Materials:** Upon conclusion of all stages of this case, all of the **Sensitive Materials** and all copies made thereof shall be disposed of in one of three ways, unless otherwise specified herein or ordered by the Court. The

4

**Sensitive Materials** may be, unless specified otherwise for a specific document, (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. Defendant may not retain copies of the **Sensitive Materials**. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

11.     **Mistaken Production:** To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

12.     **Exceptions:** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

13.     Nothing contained in this Order shall preclude any party from applying

to this Court for further relief or for modification of any provision hereof.


ENTER:


THOMAS M. DURKIN
District Judge
United States District Court
Northern District of Illinois

Date:   May 22, 2026

# EXHIBIT  A

Case: 1:26-cr-00141 Document #: 21 Filed: 05/22/26 Page 7 of 9 PageID #:54

STATE OF ILLINOIS        )

                                        ) SS.

COUNTY OF COOK        )

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )

                                              )

vs.                        )        26CR0060401

                                              )

Kentrell Reese                  )

### **PROTECTIVE ORDER**

Upon the request of the Cook County State's Attorney's Office, this Court has considered matters set forth by Assistant State's Attorney Kevin DeBoni and finds that the statutory factors listed in 725 ILCS 5/112-6(c)(3) have been met. THEREFORE, in the interest of justice, this COURT DIRECTS, pursuant to 725 ILCS 5/112-6(c)(3), Supreme Court Rule 412(h), and Supreme Court Rule 415(d) that the Cook County State's Attorney's Office make available to the United States Attorney's Office, the following items: Grand Jury testimony of Chicago Police Officer Koa Ng #13311.

It is further ORDERED that the grand jury materials disclosed pursuant to this Order will be limited to the United States Attorney for the Northern District of Illinois, specifically Acting U.S. Attorney Morris Pasqual, and any assistants as well as investigators, staff, and other persons for whom disclosure of the material will assist in the investigation and prosecution of federal law, or disclosures made for the purpose of production in discovery and use at trial, as required by the Federal Rules and the Constitution. Such materials or their contents shall not be disclosed directly or indirectly to any other person or entity or be used for any other purpose. The use and disclosure

of the above-described materials is limited to the investigation and or prosecution of Kentrell Reese.

It is further ORDERED that prior to the dissemination of the above described grand jury materials pursuant to this Order, the United States Attorney's Office secure a protective order that provides: (1) use and disclosure of the above described materials be limited to defense counsel, their respective staff and others only as necessary for preparation of the defense of the case; (2) upon conclusion of the federal proceedings, including direct appeals, the above described materials shall either be returned to the Cook County State's Attorney's Office, retained in the United States Attorney's Office case file or destroyed; (3) and all persons who are permitted access to the above described materials shall be bound by the terms of this Order. The United States Attorney's Office shall acknowledge receipt of this Order and agree to be bound by its terms.

ENTERED:

Honorable Erica L. Reddick
Presiding Judge, Criminal Division
Circuit Court of Cook County

Date: 6 March 2026

Page **4** of **5**